BWW#: 185241

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:  
THOMAS G. DAVIDSON  
    Debtor

Case No. 12-32765-KRH

Chapter 13

_____

SUNTRUST MORTGAGE, INC.  
    Movant

v.

THOMAS G. DAVIDSON  
    Debtor/Respondent

and

CARL M. BATES  
    Trustee/Respondent

_____

## SUPPLEMENTAL CONSENT ORDER MODIFYING AUTOMATIC STAY TO RESOLVE THE NOTICE OF DEFAULT

This matter was before the court on the Notice of Default filed on September 9, 2014 (the "Notice of Default") on behalf of SunTrust Mortgage, Inc. (the "Movant"), by counsel.

WHEREAS, the Movant is the beneficiary under a deed of trust encumbering the real property located at 6918 Velvet Antler Drive, Midlothian, VA, 23112 (the "Property"), which Property is more particularly described as follows:

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH ALL IMRPOVEMENTS THEREON AND APPURTENANCES THERETO BELONGING, LYING AND BEING IN THE COUNTY OF CHESTERFIELD, VIRGINIA, SHOWN AND DESIGNATED AS LOT 64, BLOCK L, SECTION 2, ON SUBDIVISION PLAT OF DEER RUN, RECORDED IN THE CLERK'S OFFICE, CIRCUIT COURT OF CHESTERFIELD COUNTY, VIRGINIA IN PLAT BOOK 57, PAGE 42, TO WHICH PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF THE PROPERTY HEREBY CONVEYED. BEING THE SAME REAL ESTATE CONVEYED TO THE GRANTOR BY DEED RECORDED SIMULTANEOUSLY HEREWITH.

_____
Andrew Todd Rich, VSB# 74296  
8100 Three Chopt Road, Suite 240  
Richmond, VA  23229  
(804) 282-0463  
*Attorney for the Movant*

WHEREAS, upon consideration of the Movant's motion for relief from the automatic stay, the Court entered a fully-endorsed Consent Order Modifying Stay in this case on April 9, 2014 (the "Order Modifying Stay"), the terms of which required the debtor to resume making regular monthly payments to the Movant and cure the post-petition arrearage set forth in the Order Modifying Stay; and

WHEREAS, the debtor defaulted under the terms of the Order Modifying Stay by failing to make payments required by its terms, and consequently, the Movant filed the Notice of Default in accordance with the terms of the Order Modifying Stay; and

WHEREAS, the Movant and the debtor have reviewed the Notice of Default and reached an agreement in this matter, the terms of which are set forth in this order,

Upon consideration of which, it is

**ORDERED:**

1. The debtor will resume making regular monthly installment payments in the amount of $429.05 (subject to adjustment due to interest rate changes or escrow changes) as they become due commencing on January 1, 2015. Late payments will include applicable late charges in the amount of $0.00 (subject to change due to adjustments of the monthly principal and interest payment).

2. The debtor will cure the post-petition arrearage currently due to the Movant through December 1, 2014 in the total amount of $3,482.40, which includes eight (8) monthly post-petition payments (May 1, 2014 through December 1, 2014) each due in the amount of $429.05, and attorney fees of $50.00, by filing making the following payments:

   a. $870.60 on or before February 21, 2015

   b. $870.60 on or before March 21, 2015

   c. $870.60 on or before April 21, 2015

   d. $870.60 on or before May 21, 2015

3.   In the event that any payment required by paragraphs 1 and 2 of this order is not received by the Movant within 15 days after it is due, the Movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor.  The notice of default will state in simple and plain language:

a.   That the debtor is in default in making at least one payment required under this order;
b.   The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
c.   The action necessary to cure the default, including any address to which payments must be mailed;
d.   That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
   i.   cure the default;
   ii.  file an objection with the court stating that no default exists; or
   iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
e.   That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and
f.   That if the automatic stay is terminated; the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee.  At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4.   The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order.  In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorneys fees in the amount of $50.00 for issuance of a notice of default, and an additional $50.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Richmond, Virginia

Date: Jan 15 2015

/s/ Kevin R. Huennekens
United States Bankruptcy Judge

Entered on Docket: 1/15/2015

**WE ASK FOR THIS:**

*/s/ Andrew Todd Rich*
Andrew Todd Rich, VSB# 74296
BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA  23229
(804)282-0463 (phone)
(804)282-0541 (facsimile)
*Counsel for the Movant*

**SEEN AND AGREED:**

*/s/ Yvonne Cochran*
Yvonne Cochran, Attorney at Law
4509 W. Broad Street
Richmond, VA  23230

**SEEN:**

*/s/ Carl M. Bates*
Carl M. Bates, Trustee
Post Office Box 1819
Richmond, VA 23218
Chapter 13 Trustee

## CERTIFICATION

      The undersigned certifies that the foregoing Supplemental Consent Order Modifying Automatic Stay to Resolve the Notice of Default has been endorsed by or on behalf of all necessary parties and counsel herein, in accordance with Local Rule 9022-1.

                                                              */s/ Andrew Todd Rich*
                                                              Andrew Todd Rich
                                                              Attorney for the Movant

cc:

BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA 23229

Carl M. Bates, Trustee
P.O. Box 1819
Richmond, VA 23218

Yvonne Cochran, Attorney at Law
4509 W. Broad Street
Richmond, VA 23230

Thomas G. Davidson
6918 Velvet Antler Drive
Midlothian, VA 23112